UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DELJUAN MARKE GOODLOW, | Case No. 3:20-cv-00364-MMD-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

In this habeas corpus action, Petitioner Deljuan Marke Goodlow, represented by appointed counsel, filed a second amended habeas petition on February 5, 2021 (ECF No. 17), and Respondents filed an answer on June 28, 2021 (ECF No. 24). Goodlow was then due to file a reply to Respondents' answer by January 24, 2022, but instead, on that date, he filed a motion for leave to file a third amended habeas petition (ECF No. 39) and a motion for stay (ECF No. 41). On February 4, 2022, Respondents filed a response to the motion for stay (ECF No. 43), stating that they do not oppose that motion. Respondents did not respond to the motion for leave to file a third amended petition.

In his motion for leave to file a third amended petition (ECF No. 39), Goodlow states that he has discovered new evidence that supports and strengthens his three claims for habeas corpus relief. (*See* ECF Nos. 39-2, 39-3, 39-4, 39-5.) His proposed third amended petition, incorporating allegations regarding that new evidence, is attached to his motion. (ECF No. 39-1.)

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading at any time with the Court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reflects a "policy of favoring amendments to pleadings," and courts should apply that policy "with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quoting *Rosenberg Brothers & Co. v. Arnold*,

283 F.2d 406 (9th Cir. 1960)). In deciding whether to grant leave to amend, a court may consider "such factors as 'bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'" *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

The Court will grant Goodlow's motion to file his third amended petition. There is no indication of bad faith, undue delay, potential prejudice to the respondents, or futility of the amendment. While Goodlow has twice previously amended his petition, he states that the new evidence to be incorporated into his petition was discovered after the previous amendment, and there is no evidence of undue delay or bad faith in that regard.

The Court will also grant Goodlow's motion to stay. Goodlow represents that he has filed a second petition for writ of habeas corpus in state court seeking to present his new evidence in support of his claims. (*See* ECF No. 41 at 4; ECF No. 42-1.) Goodlow requests a stay of this action, under *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may complete the litigation of his new state habeas action, and thereby exhaust his state court remedies with respect to his claims with the new evidence incorporated into them.

In *Rhines*, the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> . . . [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory

2

litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

The Court determines that, under *Rhines*, a stay is warranted. The Court will grant Goodlow's request for a stay and will stay this action pending completion of his further state-court proceedings. In doing so, the Court takes into consideration Respondents' non-opposition to the motion to stay.

The Court's intention is that this will be the last time that the Court imposes a stay to facilitate Goodlow's exhaustion of claims in state court. Goodlow must exhaust all his unexhausted claims in state court during the stay imposed by this order.

It is therefore ordered that Petitioner's Motion for Leave to File Third Amended Petition (ECF No. 39) is granted.

The Clerk of the Court is directed to separately file Petitioner's Third Amended Petition (ECF No. 39-1).

The Clerk of the Court is further directed to separately file Petitioner's Exhibits in Support of Third Amended Petition (ECF Nos. 39-2, 39-3, 39-4, 39-5).

It is further ordered that Petitioner's Motion to Stay (ECF No. 41) is granted. This action is stayed while Petitioner completes his further state-court proceedings.

The Clerk of the Court is directed to administratively close this case.

It is further ordered that following the conclusion of Petitioner's further state-court proceedings, Petitioner must, within 30 days, make a motion to lift the stay of this action. This action will be subject to dismissal if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed by this order.

DATED THIS 18th Day of February 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE