UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELJUAN MARKE GOODLOW,<br><br>Petitioner,<br><br>v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>Respondents. | Case No. 3:20-cv-00364-MMD-CLB<br><br>ORDER |

This habeas corpus action, brought under 28 U.S.C. § 2254 by Petitioner Deljuan Marke Goodlow, who is represented by appointed counsel, was stayed on February 18, 2022, pending Goodlow's further state-court proceedings. (ECF No. 44.) On July 14, 2023, Goodlow filed a motion stating that the state-court proceedings have been completed and requesting that the stay be lifted (ECF No. 49 ("Motion")). Respondents do not oppose that Motion. (ECF No. 51.) The Court will grant Goodlow's Motion and will lift the stay and set a schedule for further proceedings.

It is therefore ordered that Goodlow's Motion to Reopen (ECF No. 49) is granted. The stay of this action is lifted. The Clerk of Court is directed to reopen this case.

It is further ordered that the following schedule will govern further proceedings in this action:

1. Response to Petition.  Respondents will have 90 days from the date of his order to file an answer or other response to Goodlow's third amended habeas petition (ECF No. 45).

2. Reply and Response to Reply.  Goodlow will have 60 days following service of an answer to file a reply. Respondents will thereafter have 30 days following service of a reply to file a response to the reply.

3. Briefing of Motion to Dismiss. If Respondents file a motion to dismiss, Goodlow will have 60 days following service of the motion to file a response to the motion. Respondents will thereafter have 30 days following service of the response to file a reply.

4. Discovery. If Goodlow wishes to move for leave to conduct discovery, Goodlow may file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Goodlow before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents will file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Goodlow's reply. Thereafter, Goodlow will have 20 days to file a reply in support of the motion for leave to conduct discovery.

5. Evidentiary Hearing. If Goodlow wishes to request an evidentiary hearing, Goodlow may file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Goodlow before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is necessary and must satisfy the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Goodlow files a motion for an evidentiary hearing, Respondents will file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Goodlow's reply. Thereafter, Goodlow will have 20 days to file a reply in support of the motion for an evidentiary hearing.

///
///
///
///

It is further ordered that, under Federal Rule of Civil Procedure 25(d), Nethanjah Breitenbach is substituted for Isidro Baca as the Respondent Warden. The Clerk of Court is directed to update the docket to reflect this change.

DATED THIS 28th Day of July 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE