UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELJUAN MARKE GOODLOW,<br><br>   Petitioner,<br><br>   v.<br><br>RONALD OLIVER, *et al.*,<br><br>   Respondents. | Case No. 3:20-cv-00364-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

This action is a petition for a writ of habeas corpus by Deljuan Marke Goodlow, who is incarcerated at the Southern Desert Correctional Center, in Indian Springs, Nevada. Goodlow is represented by appointed counsel. Respondents have filed a motion to dismiss. (ECF No. 57 ("Motion")[1].) For the reasons stated below, the Court will deny the Motion.

**II.   BACKGROUND**

Goodlow was convicted on June 23, 2009, following a jury trial in Nevada's Second Judicial District Court (Washoe County), of first-degree murder with the use of a deadly weapon, invasion of the home, and burglary. (ECF No. 26-23.) Goodlow appealed, and on February 3, 2011, the Nevada Supreme Court reversed and remanded, ruling that the trial judge made improper comments during jury selection and that it was an abuse of discretion to deny a motion for mistrial. (ECF No. 27-26.)

Goodlow's retrial commenced on September 22, 2014. (ECF No. 29-33.) The jury found Goodlow guilty of the same three offenses: first-degree murder with the use of a

---

[1]Goodlow filed an opposition to the Motion (ECF No. 61), and Respondents replied (ECF No. 65).

1  deadly weapon, invasion of the home, and burglary. (ECF Nos. 30-2, 30-3, 30-4.) The
2  trial court sentenced Goodlow, for the murder, to life in prison with the possibility of parole
3  after 20 years and to an equal and consecutive sentence for the use of a deadly weapon;
4  for the invasion of the home, to a concurrent sentence of 22 to 96 months in prison; and,
5  for the burglary, to another concurrent sentence of 22 to 96 months in prison. (ECF No.
6  30-9.) The judgment of conviction was filed on February 5, 2015. (*Id.*)

7  Goodlow appealed. (ECF No. 30-25 (opening brief).) The Nevada Supreme Court
8  affirmed the judgment of conviction on March 17, 2016. (ECF No. 30-39.) Goodlow did
9  not petition the United States Supreme Court for certiorari.

10  Goodlow filed a *pro se* post-conviction petition for writ of habeas corpus in the state
11  district court on March 23, 2017. (ECF No. 31-13.) The court appointed counsel for
12  Goodlow (ECF No. 31-18), and with counsel, Goodlow filed a supplemental petition. (ECF
13  No. 31-31.) The state district court granted the State's motion to dismiss and dismissed
14  Goodlow's petition on November 8, 2018. (ECF No. 32-3.) Goodlow appealed. (ECF No.
15  32-16 (opening brief).) The Nevada Supreme Court affirmed on March 27, 2020. (ECF
16  No. 32-33.) The remittitur was issued on June 1, 2020. (ECF No. 32-36.)

17  This Court received from Goodlow a *pro se* petition for writ of habeas corpus (ECF
18  No. 6), initiating this action, on June 17, 2020. On July 16, 2020, the Court granted
19  Goodlow's motion for appointment of counsel (ECF No. 7) and appointed the Federal
20  Public Defender for the District of Nevada to represent him. (ECF No. 5.) On August 21,
21  2020, Goodlow filed a first amended petition for writ of habeas corpus. (ECF No. 11.) On
22  February 5, 2021, Goodlow filed a second amended petition for writ of habeas corpus.
23  (ECF No. 17.) Respondents filed an answer on June 28, 2021. (ECF No. 24.)

24  Goodlow was due to file a reply to Respondents' answer by January 24, 2022, but
25  instead, on that date he filed a motion for leave to file a third amended habeas petition
26  with the proposed third amended petition attached (ECF No. 39), and a motion for stay
27  (ECF No. 41). Respondents did not oppose either motion. The Court granted both
28

motions. (ECF No. 44.) Goodlow's third amended petition was filed (ECF No. 45), and the case was stayed pending Goodlow's further state court proceedings.

Goodlow filed his second state habeas petition on January 24, 2022. (ECF No. 59-5.) The state district court dismissed that petition on June 7, 2022. (ECF No. 59-15.) Goodlow appealed. (ECF No. 59-24 (opening brief).) The Nevada Court of Appeals affirmed on June 13, 2023. (ECF No. 59-43.) The stay of this action was lifted on July 28, 2023. (ECF No. 52.)

Goodlow's third amended petition (ECF No. 45), his operative petition, includes the following claims:

> Ground 1: "The trial court committed structural error in violation of Goodlow's Fifth, Sixth and Fourteenth Amendment rights when it denied his fair-cross-section challenge to the jury venire."
>
> Ground 2: "Goodlow was denied his right to a fair trial under the Fifth, Sixth and Fourteenth Amendments when the trial court denied his motion to sever, thereby allowing his co-defendant's attorney to become a second prosecutor."
>
> Ground 3A: "Goodlow was denied his right to effective assistance of trial … counsel in violation of his Fifth, Sixth and Fourteenth Amendment rights when his attorney failed to challenge the proposed jury instruction that precluded his defense of withdrawal."
>
> Ground 3B: "Goodlow was denied his right to effective assistance of … appellate counsel in violation of his Fifth, Sixth and Fourteenth Amendment rights when his attorney failed to challenge the proposed jury instruction that precluded his defense of withdrawal."

Respondents filed their Motion on October 26, 2023, arguing that the claims in Grounds 1 and 3B are barred by the statute of limitations and that all Goodlow's claims are procedurally defaulted. (ECF No. 57.)

### III.   DISCUSSION

#### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences; the statue provides:

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).

In this case, the Nevada Supreme Court filed its order affirming the judgment of conviction on March 17, 2016. (ECF No. 30-39.) Goodlow did not petition the United States Supreme Court for certiorari review, so his conviction became final, and the AEDPA limitations period began to run, 90 days later, on June 15, 2016. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (when no petition for certiorari is filed, direct review is final 90 days after the decision of the state's highest court).

Goodlow filed his first state habeas petition 281 days later, on March 23, 2017. (ECF No. 31-13.) That petition tolled the AEDPA limitations period under 28 U.S.C. § 2244(d)(2). The limitations period remained tolled, by virtue of Goodlow's state habeas action, until June 1, 2020, when the Nevada Supreme Court's remittitur issued following its affirmance of the denial of Goodlow's state habeas petition. (ECF No. 32-36.) The remaining 84 days of the AEDPA limitations period ran out, and the limitations period expired, on August 24, 2020.

Goodlow's original *pro se* habeas petition in this case (ECF No. 6), received by this Court on June 17, 2020, was submitted for filing well within the AEDPA limitations period. His first amended petition (ECF No. 11), filed August 21, 2020, was also filed within the limitations period. However, his second amended petition (ECF No. 17), filed on February 5, 2021, and his third amended petition (ECF No. 45), filed on January 24, 2022, were both filed well after the AEDPA limitations period expired. This much is undisputed. (*See* ECF No. 57 at 7; ECF No. 61 at 5.)

The parties' disputes regarding the operation of the statute of limitations involve the question whether the claims in Grounds 1 and 3B of Goodlow's third amended petition relate back to the claims in his timely first amended petition. In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," but "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 664.

In Ground 1, Goodlow claims that his federal constitutional rights were violated when the trial court denied his fair-cross-section challenge to the jury venire. (ECF No. 45 at 4-9.) Goodlow asserted such a claim in Ground 1 of his timely first amended petition. (ECF No. 11 at 5-8.) The difference is that in his third amended petition Goodlow proffers evidence in support of the claim that was not mentioned in the first amended petition. But that does not change the core operative facts of the claim. The claim in Ground 1 of the third amended petition shares a common core of operative facts with the claim in Ground 1 of his first amended petition: the allegation that there was a systematic underrepresentation of African Americans in the jury selection process. Ground 1 relates back to the timely first amended petition, within the meaning of *Mayle*, and is not barred by the statute of limitations.

In Ground 3B, Goodlow claims that his federal constitutional rights were violated on account of ineffective assistance of his appellate counsel because his appellate counsel failed to challenge a proposed jury instruction that allegedly precluded his defense of withdrawal. (ECF No. 45 at 16-17.) Goodlow did not assert such a claim of ineffective assistance of *appellate* counsel in his timely first amended petition; he did, however, assert in the first amended petition a claim of ineffective assistance of *trial* counsel based on counsel's failure to assert the same argument. (ECF No. 11 at 10-13.) While the legal theories of those claims differ and they involve alleged ineffective assistance by different attorneys—ineffective assistance of appellate counsel in one and ineffective assistance of trial counsel in the other—they are based on the same core operative facts: the allegation that the jury instruction in question precluded Goodlow's withdrawal defense and that such argument was not properly asserted in state court. *See Noble v. Adams*, Case No. 06-cv-07114-EMC, 2018 WL 6106380, at *5 (N.D. Cal. November 21, 2018) ("[C]ourts have allowed relation back of claims rooted in the same facts notwithstanding 'that the allegedly improper actor is different in the new and old claims.'"); *Wright v. LeGrand*, Case No. 3:12-cv-00286-MMD-VPC, 2014 WL 3428487, at *1-2 (D. Nev. July 10, 2014) ("The point that the amended claim is based upon a legal theory of ineffective assistance of counsel and the original claim was based upon a legal theory of prosecutorial misconduct is not determinative."). The claim in Ground 3B of the third amended petition shares a common core of operative facts with the claim in Ground 3 of his first amended petition. Ground 3B relates back to the timely first amended petition, within the meaning of *Mayle*, and is not barred by the statute of limitations.

**B.     Procedural Default**

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present that claim to the State's highest court and must

give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982), *cert. denied*, 463 U.S. 1212 (1983).

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that a state prisoner who fails to comply with the State's procedural requirements in presenting claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In their Motion, Respondents argue that all the claims in Goodlow's third amended petition are procedurally defaulted, in their entirety, because "[t]he Nevada Court of Appeals determined that Grounds 1, 2, and 3 in Goodlow's second state habeas petition were procedurally barred under Nevada's state procedural bars and the Nevada appellate courts did not consider them on the merits." (ECF No. 57 at 8.) Respondents claim: "Goodlow failed to fully exhaust any of his allegations in the third-amended federal petition until his second state habeas petition." (*Id*.)

Respondents' argument is without merit. It is plain that on his direct appeal and in his first state habeas action Goodlow raised at least some versions of the claims in his federal third amended petition, and that the Nevada appellate courts addressed those claims on their merits. (*See* ECF Nos. 30-25, 30-39, 31-31, 32-16, 32-33.) In framing their Motion as they have, Respondents essentially ignore Goodlow's presentation of his claims on his direct appeal and in his first state habeas action.

On the appeal in Goodlow's second state habeas action, the Nevada Court of Appeals recognized that Goodlow asserted his claims, in some form at least, on his direct appeal and/or on the appeal in his first state habeas action. (ECF No. 59-42 at 2.) The Nevada Court of Appeals therefore rested its decision, in part at least, on the law of the case doctrine. (*Id*. at 2-3.) To the extent Goodlow's claims were raised, and addressed on their merits, on his direct appeal and on the appeal in his first state habeas action, they are not procedurally defaulted. *Cone v. Bell*, 556 U.S. 449, 467 (2009) ("When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision does not indicate that the claim has been procedurally defaulted.")

While Respondents' Motion fails, there remain related procedural issues regarding the claims in Goodlow's third amended petition. For example, is the new evidence, that is, the evidence first proffered by Goodlow in his third amended petition and in his second state habeas action, admissible in this case under 28 U.S.C. § 2254(e)(2) and *Shinn v. Ramirez*, 596 U.S. 366 (2022)? And are Goodlow's claims, to the extent augmented by the new evidence, unexhausted or procedurally defaulted? Because of the manner in

8

which Respondents presented their Motion—seeking dismissal of Goodlow's entire third amended petition on procedural default grounds, and not recognizing Goodlow's presentation of his claims on his direct appeal and on the appeal in his first state habeas action—Respondents did not raise these issues, and they have not been briefed. Therefore, the denial of Respondents' Motion is without prejudice to Respondents raising these issues, and asserting exhaustion/procedural default defenses, in their answer.

### IV.  CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 57) is denied.

It is further ordered that Respondents will have 90 days from the date of entry of this order to file an answer. In all other respects, the schedule for further proceedings set forth in the scheduling order entered July 28, 2023 (ECF No. 52) will remain in effect.

It is further ordered that, under Federal Rule of Civil Procedure 25(d), Ronald Oliver is substituted for Nethanjah Breitenbach as the respondent warden. The Clerk of Court is directed to update the docket to reflect this change.

DATED THIS 12th Day of June 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE